## THE VILLAGE OF BLUE ISLAND

*v.*

## MELVILLE C. EAMES *et al.*

*Filed at Ottawa April 1, 1895.*

PUBLIC IMPROVEMENTS—*construction of water-works not a local improvement.* The boring of an artesian well and the construction of a system of water-works to furnish a supply of water for fire protection and domestic use, are not a local improvement for which a city or village may levy a special assessment upon property claimed to be specially benefited. *Morgan Park* v. *Wiswall, ante,* p. 262, followed.

APPEAL from the County Court of Cook county; the Hon. C. H. DONNELLY, Judge, presiding.

GEORGE F. BORMAN, for appellant:

By the act approved April 15, 1873, all cities and villages in this State were authorized, for the purpose of constructing reservoirs and hydrants for fire protection, and of constructing and laying water-main pipes, to levy a special assessment upon the property specially benefited thereby. Hurd's Stat. chap. 24, p. 301.

Under the statute last cited, it is held that a connected system of water-works for a whole village is a local improvement, which may be made by a special assessment, or by a special assessment and general taxation. *People* v. *Sherman,* 83 Ill. 165.

An assessment to pay for water-works, water pipes and hydrants is an assessment for a local improvement, rather than for a general public benefit.   Cooley on Taxation, (2d ed.) 620; *Allentown* v. *Henry,* 73 Pa. St. 405.

The building of an aqueduct to furnish a water supply for a municipality is as much a local improvement as a sewer or sidewalk.   *Allen* v. *Drew,* 44 Vt. 187.

The question of whether an improvement is local or not is a question of fact, and not of law, depending for its solution on the further question, whether property in the vicinity will be specially benefited thereby.   Upon this question of fact the verdict of the jury is conclusive. Rev. Stat. chap. 24, art. 9, sec. 31; *Wilson* v. *Trustees,* 133 Ill. 470; *DeKoven* v. *Lake View,* 131 id. 545.

WINSLOW & ARNOLD, and LYLE A. DICKEY, for appellees :

A special benefit from an improvement is a benefit to the premises assessed, over and above the benefit from that improvement to property, generally, in the municipality levying the assessment.   *Wilson* v. *Trustees,* 133 Ill. 469; *Owners of Land* v. *People,* 113 id. 307; *Webster* v. *People,* 98 id. 348; *Canal Trustees* v. *Chicago,* 12 id. 406; *Mittel* v. *Chicago,* 9 Ill. App. 535; *Omaha* v. *Shaller,* 26 Neb. 522; *Hanscom* v. *Omaha,* 11 id. 43; *Parks* v. *County of Hampton,* 120 Mass. 395; *Chamberlin* v. *Cleveland,* 34 Ohio St. 562; *Lohrum* v. *Elermann,* 5 Mo. App. 484; Cooley on Taxation, 606; Water-works act of 1873, sec. 5; Burroughs on Taxation, 460; Dillon on Mun. Corp. 933.

Village boards may not arbitrarily decide that an improvement is a local improvement.   Their action must be reasonable, and it is subject to judicial review.   *Hoyt* v. *East Saginaw,* 19 Mich. 43; *Makin* v. *Patti,* 57 Miss. 387; *Bloomington* v. *Railroad Co.* 134 Ill. 460; *Chicago* v. *Law,* 144 id. 577; *Railroad Co.* v. *East St. Louis,* 134 id. 662.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant filed its petition in the county court of Cook county, on the 19th day of October, 1893, which avers that on the 16th day of October, 1893, the president and board of trustees of the village of Blue Island did pass an ordinance providing that an artesian well be bored and sunk to the depth of 2100 feet, in the village lot, and for a deep-well pump, duplex pumping engine, two boilers, heater, feed pump, valves, gates, connections, etc., for the village water-works. Commissioners were appointed to estimate the cost of the contemplated improvement, who made their estimate of the cost to be $15,400, which was approved, and the petition asks that the cost of the improvement may be paid by special assessment. The territory embraced within the corporate limits is two miles in length east and west and one mile in width, and the population is about five thousand. It appears by an admission of the attorney for appellant, on the trial, that all the real estate within the corporate limits of the village was assessed for the proposed improvement except the right of way of four railroad companies extending through the village from north to south.

The ordinance provides: "That for the purpose of furnishing the inhabitants of the village of Blue Island with an additional supply of water for fire protection and domestic and other uses, a well be bored," etc.

By the assessment roll $15,396.64 was apportioned to property specially benefited and $3.36 as of benefit to the public. Objections were filed on the part of certain owners of real estate so assessed, and an order entered confirming the assessment roll as to all except that to which the objections were filed. Certain objections were overruled, which were, that the ordinance was uncertain, etc., and the proceedings irregular, etc. Certain other

objections, which denied the power of the village to make the proposed improvement by special assessment, were by the court reserved for consideration and determination until after verdict on objections which raised questions of fact, and on these latter objections an issue was submitted to a jury and a trial had, and a verdict finding the issues for the petitioner was returned by the jury. A motion for new trial was entered by objectors, and upon its consideration, and on consideration of the objections reserved, the latter were sustained, and the petition, so far as it related to the property of the objectors, was ordered dismissed and no order entered as to the motion for new trial. These objections on which the petition was dismissed were those which denied the power of the village to provide, by special assessment, for the construction of water-works to furnish a supply of water for fire protection and domestic use.

It is not within the power of cities and villages to provide, by special assessment, to pay for the construction of water-works, as that is not a local improvement, as contemplated by and within the meaning of article 9 of the act entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872. The facts in this record are almost identical with those in *Village of Morgan Park* v. *Wiswall, ante,* p. 262, and the law governing this question is discussed in the opinion in that case, so that no reason exists for a further discussion.

We find no error in the record, and the judgment of the county court is affirmed.

*Judgment affirmed.*